UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 07-20309

                                Honorable Victoria A. Roberts

CORDELL SAIN.

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant's Motion for Reconsideration of this

Court's Order Denying Request for Leave to File Motion (2255) Due to Excusable

Neglect. (Doc. 362).

In its order, the Court found that Defendant Sain's sentencing and appeal were

affirmed by the Sixth Circuit on May 24, 2011 and that he had until August 22, 2011 to

file his certiorari petition to the United States Supreme Court. The Court recognized

August 22, 2011 as the date his judgment of conviction became final, so he had one

year from that date --until August 22, 2012--to file a motion under 28 U.S.C. § 2255. He

filed his request for more time to file a § 2255 motion on September 10, 2012.

Local Rule 7.1(h)(3) provides the Court's standard of review:

Generally, and without restricting the court's discretion, the court will not grant
motions for rehearing or reconsideration that merely present the same issues
ruled upon by the court, either expressly or by reasonable implication. The
movant must not only demonstrate a palpable defect by which the court and the
parties and other persons entitled to be heard on the motion have been misled
but also show that correcting the defect will result in a different disposition of the

1

case.

E.D. Mich. LR 7.1(h)(3).

Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

Mr. Sain says that the Court erred in listing May 24, 2011 as the date of finality of his appeal. He argues that the actual date of finality is ninety days following the issuance of the mandate of the appellate court, and that the issuance of the mandate by the appellate court was on June 16, 2011, so that the date of finality was September 16, 2012.

Mr. Sain's argument is unavailing. First, the Court did not list May 24, 2011 as the date of finality; it recognized the deadline to file his certiorari petition--August 22, 2011--as such date.

Moreover, to start the clock on § 2255's one-year limitation period, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). A petition for a writ of certiorari to review a judgment in any case entered by a United States court of appeals must be filed within 90 days after entry of the judgment, not from the issuance date of the mandate. U.S. Sup. Ct. R. 13.

Accordingly, there is no palpable defect in this Court's order denying Mr. Sain's

motion for more time to file a § 2255 motion. Mr. Sain's Motion for Reconsideration is

**DENIED**.


       **IT IS ORDERED**.

                                          s/Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated: December 20, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Cordell Sain by electronic means or U.S. Mail on December 20, 2012.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |

3